**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| DR. MICHAEL KATZ, M.D., | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : |
| BEEBE HEALTHCARE; and | : PLAINTIFF REQUESTS TRIAL BY JURY |
| BEEBE MEDICAL GROUP; and | : |
| MARY FRANCIS SUTER (INDIVIDUALLY); and | : |
| DR. ROBERT GULAB (INDIVIDUALLY); and | : |
| DR. JEFFREY HAWTOF (INDIVIDUALLY); and | : |
| LYNNE BOSKAMP (INDIVIDUALLY); and | : |
| DR. DAVID A. TAM (INDIVIDUALLY); and | : |
| RICK SCHAFFNER (INDIVIDUALLY) | : |
| (*collectively* "Defendants") | : |
| Defendants. | : |

Plaintiff, Dr. Michael Katz, by and through undersigned counsel hereby files this Civil Action Complaint against Defendants, Beebe Healthcare, Beebe Medical Group, Mary Francis Suter *(individually),* Dr. Jeffrey Hawtof *(individually),* Dr. Robert Gulab *(individually)*, Lynne Boskamp *(individually),* Dr. David A. Tam *(individually),* and Rick Schaffner *(individually)* (collectively "Defendants") and upon information and belief avers the following:

**PARTIES**

1. Plaintiff, Dr. Michael Katz, M.D. ("Dr. Katz" or "Plaintiff") is an adult individual who resides in the State of New Jersey.

2. Plaintiff, Dr. Katz is a sixty-two-year-old male who is licensed to practice medicine in the State of Delaware.

1

3. Defendant, Beebe Medical Group is a business organization which is licensed to and regularly transacts business in the State of Delaware with offices for the purposes of service at 424 Savannah Road, Lewes, DE 19958.

4. Defendant, Beebe Healthcare is a business organization which is licensed to and regularly transacts business in the State of Delaware with offices for the purposes of service at 424 Savannah Rd, Lewes, DE 19958.

5. Defendant, Mary Francis Suter is an adult individual who resides in the State of New Jersey with a business address for the purposes of service at 424 Savannah Rd, Lewes, DE 19958.

6. At all times material to this civil action Defendant, Mary Francis Suter held supervisory authority over Plaintiff, Dr, Katz. Defendant, Mary Suter was employed by Defendants as the Administrative head of neurology and was empowered with the authority to take a tangible employment action against Plaintiff, Dr. Katz during Plaintiff's employment for Defendants.

7. Defendant, Dr. Robert Gulab (individually) is an adult individual who resides in the State of New Jersey with a business address for the purposes of service at 424 Savannah Rd, Lewes, DE 19958.

8. At all times material to this civil action Defendant, Dr. Gulab held supervisory authority over Plaintiff, Dr. Katz. Defendant, Dr. Gulab was employed by Defendants as the Senior Vice President and Senior Medical Officer of Beebe Healthcare and Beebe Medical Group and had the authority to take a tangible employment action against Dr. Katz during Plaintiff's employment for Defendants.

9. Defendant, Dr. Jeffrey Hawtof (individually) is an adult individual who resides in the State of Delaware with a business address for the purposes of service at 424 Savannah Rd, Lewes, DE 19958.

10. At all times material to this civil action Defendant, Dr. Jeffrey Hawtof held supervisory authority over Plaintiff, Dr, Katz. Defendant, Dr. Jeffrey Hawtof was employed by Defendants as the Chief Medical Officer of Beebe Healthcare and had the authority to take a tangible employment action against Dr. Katz during Plaintiff's employment for Defendants.

11. Defendant, Lynne Boskamp (individually) is an adult individual with a business address for the purposes of service at 424 Savannah Rd, Lewes, DE 19958.

12. At all times material to this civil action Defendant, Lynne Boskamp held supervisory authority over Plaintiff, Dr, Katz. Defendant, Lynne Boskamp was employed by Defendants as the Interim Vice President of Patient Care of Beebe Healthcare and had the authority to take a tangible employment action against Dr. Katz during Plaintiff's employment for Defendants.

13. Defendant, Dr. David A. Tam (individually) is an adult individual with a business address for the purposes of service at 424 Savannah Rd, Lewes, DE 19958.

14. At all times material to this civil action Defendant, Dr. David A. Tam held supervisory authority over Plaintiff, Dr. Katz. Defendant, Dr. David A. Tam was employed by Defendants as the President and Chief Executive Officer of Beebe Healthcare and had the authority to take a tangible employment action against Dr. Katz during Plaintiff's employment for Defendants.

15. Defendant, Rick Schaffner (individually) is an adult individual with a business address for the purposes of service at 424 Savannah Rd, Lewes, DE 19958.

16. At all times material to this civil action Defendant, Rick Schaffner held supervisory authority over Plaintiff, Dr. Katz. Defendant, Rick Schaffner was employed by Defendants as the Executive Vice President and Chief Operating Officer of Beebe Healthcare and had the authority to take a tangible employment action against Dr. Katz during Plaintiff's employment for Defendants.

17. At all times material to this civil action, Dr. Katz was qualified for the position of his employment. Dr. Katz held the title of Neuro-hospitalist. At all times material to this civil action Defendants were Plaintiff's joint and sole employers.

## NATURE OF THE CASE

18. Plaintiff complains pursuant to Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"); the Delaware Discrimination in Employment Act, 19 Del. C. § 710, *et. seq.* ("DDEA"); and under the laws of the State of Delaware and seeks damages to redress injuries Plaintiff suffered as a result of Defendants' discrimination, harassment, retaliation and the hostile work environment which was severe and pervasive and culminated in Plaintiff's unlawful termination from his employment for Defendants.

## JURISDICTION AND VENUE

19. This action involves a Question of Federal Law under the Age Discrimination in Employment Act ("ADEA"), and the Delaware Discrimination in Employment Act ("DDEA"). The honorable Court has supplemental jurisdiction over Plaintiff's State Law Causes of Action.

20. Venue is proper in the District of Delaware as Plaintiff was employed by Defendants and worked in Sussex County, Delaware where the discrimination, harassment and hostile work environment complained of occurred.

21. On or around May 3, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.

22. Plaintiff's Charge of Discrimination was dual filed with the Delaware Division of Human Relations.

23. On or about February 9, 2022, the EEOC issued a Dismissal and Notice of Rights, which provides that Plaintiff must file a lawsuit within 90 days of the date when the Dismissal and Notice of Rights was received by the Plaintiff.

24. The Dismissal and Notice of rights was sent by regular mail to Dr. Katz on February 9, 2022.

25. This action is hereby commenced within ninety (90) days of the date when the Dismissal and Notice of Rights was received by Plaintiff, Dr. Katz.

26. <u>A copy of the Dismissal and Notice of Rights is attached and marked Exhibit A</u>.

## **MATERIAL FACTS**

27. Plaintiff, Dr. Katz began his employment for Defendants sometime around January 2019.

28. Plaintiff was hired as a Neuro-Hospitalist and is Board Certified in Pediatrics and Pediatric Neurology, Adult Neurology, Brain Injury Medicine, and Neuro Developmental Disabilities.

29. Plaintiff, Dr. Katz worked at Beebe Hospital treating patients and performing in-patient neurology consultations.

30. Plaintiff worked 24 hours per day six days per month and was paid a per diem rate for his work.

31. At all times material to this Complaint, Plaintiff was a w2 employee for Defendants.

32. Sometime around September 1, 2020, Plaintiff, Dr. Katz received a letter from Defendants notifying Plaintiff of his termination from employment.

33. Plaintiff was terminated because of age.

34. The stated reason for Plaintiff's termination is mere pretext to coverup the actual reason for Plaintiff's termination which is age.

35. During Plaintiff's employment for Defendants, Plaintiff was subjected to severe and pervasive discrimination and harassment in the workplace because of Plaintiff's age.

36. Sometime around September 1, 2020, was ordered to immediately stop the practice of neurology at Beebe hospital.

37. At all times Plaintiff fulfilled his contractual obligations and went above and beyond what was required.

38. Plaintiff completed his job responsibilities with excellence and was praised by his direct supervisor, Doctor Abraham Scheer.

39. By way of example, Plaintiff provided coverage for colleagues for over two weeks and was not compensated by the medical group, i.e., Defendants.

40. Plaintiff was notified that the hospital is looking for "Young blood" in order to revamp the neurology service.

41. Plaintiff was referred to as "old and lame" and part of the neurology service that can easily be replaced.

42. Plaintiff was informed that he would be replaced due to his age.

43. Plaintiff was subjected to a hostile work environment due to his age.

44. Plaintiff was offered a position in the hospital with no contract and no agreement in writing for less money.

6

45. Plaintiff suffered mental anguish due to the discrimination and harassment which was based upon Plaintiff's age.

46. Plaintiff received disturbing phone calls ordering Plaintiff to relinquish his privileges and denigrating Plaintiff because of his age and physical condition.

47. Plaintiff felt threatened by orders that Plaintiff had to sign off on agreements with inaccurate recitation of the facts and mischaracterizing past events.

48. Defendants constantly subjected Plaintiff to age-based conduct and comments by informing Plaintiff that his age and physical condition was a consideration in Defendants decision to allow Plaintiff to continue his employment for Defendants.

49. Defendants also subjected Plaintiff's direct supervisor, Dr. Abraham Scheer to discrimination and harassment in the workplace that was severe and pervasive because of Dr. Scheer' age.

50. Defendants made it clear that Plaintiff would be terminated due to age.

51. Defendants made it clear that other older employees would be terminated due to age.

52. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

53. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

54. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails.

55. Plaintiff also suffers future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

56. Plaintiff has further experienced severe emotional and physical distress.

57. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

58. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

59. Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

60. Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

61. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

62. Plaintiff claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

63. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

64. Plaintiff, Dr. Katz, claims unlawful termination and requests reinstatement.

**COUNT I**
**DISCRIMINATION UNDER THE AGE**
**DISCRIMINATION IN EMPLOYMENT ACT**

65. Plaintiff, Dr. Katz, hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

66. Section 626 of the ADEA provided it shall be unlawful for an employer:

   (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to

> their compensation, terms, conditions or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify their employees in any way which would deprive or tent to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
> (3) to reduce the wage rate of any employee in order to comply with this chapter.
>
> (4) It Shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

67. Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against Plaintiff because of his age.

68. Defendants' age-based comments and conduct were severe and pervasive and occurred on a daily and/or weekly basis so that Plaintiff could not escape the discrimination and harassment in the workplace.

69. The discrimination and harassment in the workplace resulted in conduct and comments of a severe and pervasive nature that had the purpose and effect of unreasonably interfering with Dr. Katz's work environment.

70. Accordingly, Plaintiff was subjected to a hostile work environment due to Plaintiff's age.

71. Defendants' conduct was severe in that Defendants engaged in acts of discrimination and harassment whereby a single act of Defendants' harassment was sufficient to create a hostile work environment.

72. Defendants' conduct was pervasive in that Defendants continually subjected Plaintiff to abuse, ridicule, insults, criticism, contempt, and scorn, day after day so that Plaintiff

was forced to endure age-based discrimination and harassment in the workplace on a daily and/or weekly basis.

73. Defendants subjected Dr. Katz to disparate treatment by terminating Plaintiff's employment because of his age and unilaterally eliminating Plaintiff's hospital privileges.

## COUNT II
## RETALIATION UNDER THE AGE
## DISCRIMINATION IN EMPLOYMENT ACT

74. Plaintiff, Dr. Katz, hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

75. Section 623 (d) of the ADEA states the following:

> "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or application for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

76. Defendants violated Section 623 (d) of the ADEA because Defendants discriminated against Plaintiff due to Plaintiff's complaints of Defendants' unlawful employment practices as previously set forth herein.

77. Plaintiff opposed and/or reported the continual discrimination and harassment in the workplace and Defendants' conduct continued and ratcheted up.

78. Dr. Katz reported the age discrimination to his supervisor and thereafter, Dr. Katz was subjected to disparate treatment and terminated.

79. Moreover, Plaintiff was subjected to disciplinary measures such as counseling and termination after Plaintiff opposed and/or reported the discrimination and harassment in the workplace.

## COUNT III
## DISCRIMIINATION UNDER THE
## DELAWARE DISCRIMINATION IN EMPLOYMENT ACT

80. Plaintiff, Dr. Katz, hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

81. Section 711 (a)(1) of the DDEA states the following:

> "(1) Fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, marital status, genetic information, color, age, religion, sex (including pregnancy), sexual orientation, gender identity, or national origin"

82. Defendants engaged in unlawful employment practices prohibited by 711 (a)(1) of the ADEA by discriminating against Plaintiff because of his age.

83. Defendants' age-based comments and conduct were severe and pervasive and occurred on a daily and/or weekly basis so that Plaintiff could not escape the discrimination and harassment in the workplace.

84. Accordingly, Plaintiff was subjected to a hostile work environment due to Plaintiff's age.

85. Defendants' conduct was severe in that Defendants engaged in acts of discrimination and harassment whereby a single act of Defendants' harassment was sufficient to create a hostile work environment.

86. Defendants' conduct was pervasive in that Defendants continually subjected Plaintiff to abuse, ridicule, insults, criticism, contempt, and scorn, day after day so that Plaintiff

was forced to endure age-based discrimination and harassment in the workplace on a daily and/or weekly basis.

## COUNT IV
## RETALIATION UNDER DELAWARE
## DISCRIMINATION IN EMPLOYMENT ACT

87. Plaintiff, Dr. Katz, hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

88. Plaintiff claims violations of the State of Delaware's Laws against discrimination and harassment in the workplace as Plaintiff reported and opposed Defendants discrimination and harassment in the workplace and was subjected to retaliation by Defendants.

## COUNT V
## DISCRIMINATION UNDER
## AMERICANS WITH DISABILITIES ACT
### (against Corporate Defendants Only)

89. Plaintiff, Dr. Katz, hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

90. Title 42 of the Americans with Disabilities Act of 1990 (Pub. L. 101-336), Chapter 126, Subchapter I, § 12112, Discrimination [Section 102] states: "(a) General rule. – No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

91. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disabilities.

92. At all times relevant, Dr. Katz suffered from a disability under the ADA, which Defendants knew about.

93. At all times, Dr. Katz's disability substantially limited many major life activities including walking, running, and exercising.

94. From the time his medical condition began to the day of his termination; Plaintiff was capable of performing the duties and job requirements of his position.

95. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

96. From the time his medical condition presented to the day of his termination; Plaintiff attempted to engage Defendants in an interactive process to discuss reasonable accommodations.

97. Defendant terminated Plaintiff because of his disability.

98. Such adverse employment action by Defendant were in violation of the ADA.

99. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

100. Plaintiff also claims unlawful retaliation under the ADA for his opposition to Defendant's unlawful employment practice.

101. Plaintiff makes claims for all damages available under the ADA.

102. Defendants also created a hostile work environment for Plaintiff by subjecting Plaintiff to severe and pervasive discrimination and harassment in the workplace and by intentionally interfering with Plaintiff's work environment.

## COUNT VI
## RETAILIATION UNDER
## AMERICANS WITH DISABILITIES ACT
**(against Corporate Defendants Only)**

103. Plaintiff, Dr. Katz, hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

104. SEC. 12203. [Section 503] states, "(a) Retaliation. – No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testifies, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

105. Defendants violated the above and Plaintiff suffered numerous damages as a result.

106. Defendants retaliated against Plaintiff when Plaintiff opposed Defendants discriminatory animus to which Plaintiff was subjected during his employment.

## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

                                            **THE POLIQUIN FIRM, LLC**

By: \_\_\_\_/s/ Ronald G. Poliquin_____
RONALD G. POLIQUIN, ESQUIRE
Delaware Bar ID No. 4447
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5501
Attorney for Plaintiff Dr. Michael Katz, M.D.

DATED: May 10, 2022