IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. MICHAEL KATZ, M.D., § § § *Plaintiff*, § § v. § Civil Action No. 22-625-WCB § BEEBE HEALTHCARE ET AL., § § *Defendants*. § § | |

## MEMORANDUM OPINION AND ORDER

On May 10, 2022, plaintiff Dr. Michael Katz filed his original complaint against Beebe Healthcare and Beebe Medical Group (collectively, the "defendant entities") and several persons in their individual capacities. The complaint alleged employment discrimination based on his age and a disability. The defendants filed a motion to dismiss portions of that complaint, Dkt. No. 14, and on September 16, 2022, Dr. Katz filed a First Amended Complaint, Dkt. No. 20. The defendants then filed a motion to dismiss two of the counts in the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 21. For the reasons set forth below, the motion is GRANTED.

### I. Background

In or around January 2019, Dr. Katz began working as a Neuro-Hospitalist at Beebe Hospital, a medical facility in Lewes, Delaware, that is operated by the defendant entities.[1] While employed at Beebe, Dr. Katz alleges that he was subjected to discrimination and harassment due to his age and due to a stress fracture in his leg. For example, Dr. Katz alleges that he "received

---

[1] The facts in this section are described as they are alleged in Dr. Katz's First Amended Complaint. *See generally* Dkt. No. 20.

1

disturbing phone calls . . . denigrating [him] because of his age and physical condition," and that he was referred to as "old and lame" and was told that he was "part of the neurology service that can easily be replaced." Dkt. No. 20 at ¶¶ 42, 47. Dr. Katz was terminated from Beebe on or around September 1, 2020. He alleges that his termination was due to his age and his physical condition. *Id.* ¶¶ 32–34.

After being terminated, Dr. Katz filed a Charge of Discrimination against the defendants in this case with the Delaware Division of Human Relations and with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶¶ 21–22. That charge focused almost exclusively on the alleged discrimination experienced by Dr. Katz due to his age. Specifically, the charge alleged that Dr. Katz was "terminated because of [his] age." Dkt. No. 27-1 ¶ 16. In two paragraphs of the charge, Dr. Katz referenced an unspecified physical condition but did not say what that condition was or how it may have contributed to any discrimination that occurred against him. *Id.* ¶¶ 29, 31. Moreover, Dr. Katz checked only the boxes for "retaliation" and discrimination based on "age," but not a "disability," on his EEOC charge cover sheet. Dkt. No. 15-1. The EEOC sent Dr. Katz a right-to-sue notice on February 9, 2022. Dkt. No. 20 ¶¶ 23–24. Dr. Katz then filed this lawsuit against the defendants.

In his First Amended Complaint, Dr. Katz alleges that he was discriminated against due to his age and his physical disability. Counts I through IV of the First Amended Complaint relate to Dr. Katz's claims of age discrimination. Counts V and VI are claims under the Americans with Disabilities Act of 1990 ("ADA") that relate to Dr. Katz's claim of disability discrimination. The defendants have moved to dismiss Counts V and VI on the ground that Dr. Katz did not exhaust the available administrative remedies with respect to his claim of disability discrimination.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." The Third Circuit has instructed district courts to conduct a "two-part analysis" in evaluating a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the district court must separate the factual and legal elements of the claims. *Id.* That is, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11. Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## III. Discussion

In order to bring a private action under the ADA, a plaintiff must first exhaust the administrative remedies set forth in Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e-5, 12117(a); *see also Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, 552 (D. Del. 2012). In the context of an employment discrimination case, the plaintiff must file a formal charge of discrimination with the EEOC within the required timeframe, which in Delaware is 300 days from the date of the allegedly discriminatory act. *Daoud*, 894 F. Supp. 2d at 553 & n.11. If the agency does not take action on the charge, it typically notifies the plaintiff with a right-to-sue letter, at which time the plaintiff may file a civil action regarding the discrimination claim. *Id.* at 553. The purpose of the requirement that a complainant exhaust his administrative remedies before filing an action for discrimination "is to provide the EEOC the opportunity to investigate discrimination claims and resolve them administratively through cooperation in a noncoercive manner." *Id.*

Importantly, any such private action is limited to claims that "were reasonably within the scope of the charge filed with the EEOC." *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 967 (3d Cir. 1978); *see also Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976). However, courts have allowed claims that were not specifically mentioned in the EEOC charge to proceed when there is a "close nexus between the facts supporting the claims raised in the charge and those in the complaint." *Smiley v. Daimler Chrysler*, 538 F. Supp. 2d 711, 720 (D. Del. 2008) (quoting *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984)). That standard prevents a plaintiff from "greatly expand[ing] an investigation simply by alleging new and different facts when he [is] contacted by the [EEOC] following his charge," and it also puts an employer "on notice of the claims likely to be filed against it." *Navarro v. Wal-Mart Assocs., Inc.*, No. 19-201, 2020 WL 777202, at *4 (D. Del. Feb. 18, 2020) (quoting *Hicks*, 572 F.2d at 967).

The defendants argue that Dr. Katz's disability discrimination claim is not reasonably within the scope of his EEOC charge. I agree with that characterization. The thrust of the claim set forth in Dr. Katz's charge is that he was discriminated against based on his age. *See, e.g.*, Dkt. No. 27-1 ¶ 16 (Dr. Katz "was terminated because of age."); *id.* ¶ 17 ("[T]he actual reason for [Dr. Katz's] termination . . . is age."); *id.* ¶ 18 (Dr. Katz "was subjected to severe and pervasive discrimination and harassment in the workplace because of [his] age."); *id.* ¶ 25 (Dr. Katz "was informed that he would be replaced due to his age."); *id.* ¶ 26 (Dr. Katz "was subjected to a hostile work environment due to his age."); *id.* ¶ 33 ("Respondents made it clear that [Dr. Katz] would be terminated due to his age."). That conclusion is reinforced by the fact that Dr. Katz checked only the box for age discrimination on the cover sheet for his charge, and not the box for disability discrimination. *See* Dkt. No. 15-1.

4

Although there are two passing references to an unspecified "physical condition" in the charge, *id.* ¶¶ 29, 31, the charge offers no further specificity regarding the nature of Dr. Katz's condition or how it may have contributed to any discrimination he may have suffered.  Dr. Katz's complaint, by contrast, contains numerous details regarding his physical condition and the alleged discrimination that occurred as a result of that condition.  For example, the complaint alleges that Dr. Katz had "a stress fracture due to a leg injury" when he arrived for his first day of work at Beebe Hospital.  Dkt. No. 20 ¶ 53.  The complaint further alleges that Dr. Katz walked with a cane on certain days when he "felt he needed the cane in order to move around better." *Id.* ¶¶ 56, 75.  Dr. Katz also includes in his complaint an account of an incident in which another employee commented on his leg injury.  *See id.* ¶¶ 62–65.  Finally, Dr. Katz alleges that his leg condition "substantially limits one or more major life activities including cleaning, walking and running," which is an allegation required to sustain an ADA claim.  *Id.* ¶ 77; 42 U.S.C. § 12102 (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities").

This case is similar to *Hill v. Super Fresh Food Markets*, in which a court in this district dismissed a plaintiff's disability discrimination claim because it was not within the scope of his EEOC charge alleging age discrimination.  No. 05-452, 2006 WL 733575, at *2 (D. Del. Mar. 22, 2006).  The court noted that the plaintiff's charge did "not mention [his] disabilities or any discrimination based on those disabilities," and that the plaintiff "only checked [the box for] age discrimination" and not the box for disability discrimination.  *Id.*  In this case, Dr. Katz's charge similarly did not mention any specific disability or discrimination based on a disability, nor did Dr. Katz check the box for disability discrimination on the charge cover sheet.  Although Dr. Katz's charge does reference an unspecified physical condition, the existence of a "physical

5

condition" does not necessarily imply the existence of a disability, particularly given the complete lack of detail in the charge regarding that condition.

In response to the defendants' arguments in support of dismissal, Dr. Katz argues (1) that his failure to check the box for disability discrimination on the EEOC charge cover sheet is not dispositive of the question whether a claim for disability discrimination was fairly within the scope of Dr. Katz's charge; and (2) that the ADA requires EEOC charges to be read liberally. Neither argument is sufficient to salvage his disability discrimination claims.

With respect to the first point, it is true that the failure to check a box on the EEOC charge cover sheet is not itself sufficient to preclude a claim if the conduct underlying the claim was alleged in the factual statement of the charge. *See Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (The exhaustion requirement "does not necessarily preclude a plaintiff from asserting a claim for the mere failure to check a box on an EEOC Charge Form . . . ."). However, in the *Barzanty* case, the court nevertheless held that the plaintiff had not exhausted her administrative remedies with respect to her hostile work environment claim because she not only failed to check the appropriate box on the charge form, but also "provided no facts that suggest[ed] a hostile work environment." *Id.* Dr. Katz's charge in this case is similar, because he not only failed to check the box for disability discrimination on the charge form, but also failed to allege facts sufficient to indicate that he was alleging disability discrimination.

With respect to the second point, it is also true that charge-filing provisions in anti-discrimination statutes are designed to be interpreted liberally because "Congress envisioned that charges would mostly be filed by laymen unassisted by lawyers." *Rabzak v. Berks Cnty.*, 815 F.2d 17, 20 (3d Cir. 1987); *see also Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970) (Title VII was designed "to protect the many who are unlettered and unschooled in the nuances of

literary draftsmanship."). However, Dr. Katz overlooks that he was represented by counsel when he filed his charge with the EEOC. The argument for a liberal construction of an EEOC charge is "weaken[ed]" when "the plaintiff was represented by counsel when the EEOC charge was filed." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1005 n.3 (7th Cir. 2019) (quoting *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009)); *see also Zahavi v. PNC Fin. Servs. Grp., Inc.*, No. 07-376, 2007 WL 3053090, at *8 n.21 (W.D. Pa. Oct. 18, 2007) ("The public interest behind such [a] liberal construction may not be implicated here as it appears that Plaintiff may have been represented by counsel, at least at the time she completed the . . . charge."). In any event, even a liberal interpretation of his EEOC charge would not be sufficient to demonstrate that he exhausted his administrative remedies with respect to his current claims of disability discrimination.

### IV. Conclusion

In view of the record before me, a claim for disability discrimination was not within the scope of the EEOC charge filed by Dr. Katz. Accordingly, Dr. Katz has failed to exhaust the available administrative remedies with respect to that claim, and Counts V and VI of his First Amended Complaint will therefore be dismissed.

IT IS SO ORDERED.

SIGNED this 16th day of November, 2022.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE