IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. MICHAEL KATZ, M.D., | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 22-625-WCB |
| | § | |
| BEEBE HEALTHCARE ET AL., | § | |
| | § | |
|    *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

The defendants in this employment discrimination case have filed a motion seeking sanctions for the plaintiff's failure to make timely discovery. Dkt. No. 44. The plaintiff, through the Derek Smith Law Group, PLLC, filed a response to the sanctions motion. Dkt. No. 55. Before acting on the motion, the court entered an Order to Show Cause directed to the plaintiff's former attorney, Seth D. Carson, Esq., providing him an opportunity to respond on his own behalf to the sanctions motion and directing him to file any response by April 22, 2024. Dkt. No. 56. Mr. Carson did not file a response by that date. On April 23, 2024, the court's law clerk contacted Mr. Carson's office, provided a second copy of the Order to Show Cause and explained that if Mr. Carson wished to respond to the Order to Show Cause, he would have to seek leave to file his response out of time. The court has received no such motion or other communication from Mr. Carson since that time. The court will therefore proceed to address the merits of the sanctions motion based on the submissions of the defendants and the Derek Smith Law Group.

The plaintiff's failure to make discovery in this case has been flagrant, a fact that the plaintiff does not seriously contest. Sanctions are clearly appropriate. The only question is whether the severe sanction of dismissal or some lesser sanction is called for under the

1

circumstances of this case. After consideration of all the circumstances, the court concludes that dismissal would not be appropriate, but that the attorneys for the plaintiff should be required to reimburse the defendants' counsel for the costs and fees associated with the filing of the motion for sanctions. Accordingly, the following will be held jointly and severally liable for the payment of the pertinent fees and costs: plaintiff's former counsel, Mr. Carson, and the law firm that has represented him throughout the case, the Derek Smith Law Group. Costs should not be passed on the plaintiff, Dr. Katz, who by his unrebutted account was not responsible for the failure to make discovery. Current counsel for the plaintiff, Catherine W. Lowry, Esq., who began representing the plaintiff only after the motion for sanctions was filed, and Delaware counsel Ronald G. Poliquin, Esq., who does not appear to have been responsible for the sanctionable conduct at issue, will not be liable for payment of the pertinent fees and costs to the defendants.

**BACKGROUND**

The events leading to the defendants' motion for sanctions are as follows:

1. This action was filed on May 10, 2022. Dkt. No. 1. The plaintiff was represented by Mr. Carson of the Derek Smith Law Group and by Delaware counsel, Mr. Poliquin. An amended complaint was filed on September 16, 2022, Dkt. No. 20, and the defendants answered on September 30, 2022. Dkt. No. 22. The defendants moved to partially dismiss the complaint. Dkt. No. 21. That motion was granted on November 16, 2022. Dkt. No. 29.

2. A scheduling order in the case was entered on December 7, 2022. Dkt. No. 32. Under the scheduling order, the plaintiff's initial disclosures were due on January 6, 2023. Those initial disclosures were not timely produced at that time, but were produced nine months later, on October 5, 2023. Dkt. No. 45, Exh. 4.

3. The defendants served the plaintiff with interrogatories and a request for the production of documents on September 2, 2022. Dkt. No. 45, Exh. 1. The defendants served a revised version of their discovery requests on January 4, 2023. *Id.*, Exh. 2. The deadline for the plaintiff to respond to those requests was February 3, 2023.

4. In an email sent on January 6, 2023, Mr. Carson advised the defendants' attorney that he would "get you Plaintiffs to produce [sic] this week." *Id.*, Exh. 3. However, Mr. Carson did not produce the requisite responses that week or by the February 3, 2022, deadline. In fact, Mr. Carson never produced the requested discovery; none of the requested discovery other than the required initial disclosures was produced until after the motion for sanctions was filed in March 2024.

5. On October 5, 2023, the plaintiff served interrogatories on the defendants together with a request for the production of documents. Following an extension of time agreed to by the plaintiff, the defendants served their discovery responses on December 20, 2023. Dkt. No. 44 at 2.

6. On September 15, 2023, the parties sought, and obtained, an extension of the discovery period until November 18, 2023. Dkt. No. 37. No discovery was served by the plaintiff by that date.

7. By email on February 9, 2024, the defendants' counsel requested that Mr. Carson provide full responses to the defendants' written discovery requests by February 18, 2024. Dkt. No. 45, Exh. 4. Mr. Carson responded the same day, saying "I can send you everything I have on Katz." *Id.*, Exh. 5. But no discovery responses were provided by the February 18, 2024, date requested by the defendants.

8,  On February 21, 2024, Mr. Carson wrote in an email to defendants' counsel, "I will get you everything you need on Katz." *Id.*, Exh. 6.  Mr. Carson did not provide discovery at that time or at any time thereafter.

9.  By email on February 22, 2024, the defendants' counsel again wrote to Mr. Carson and asked that he provide everything he had on Dr. Katz by the close of business the next day or a motion for sanctions would be filed.  *Id.*, Exh. 7.

10.  Defendants' counsel received no response to that email.  Defendants' counsel wrote to Mr. Carson again on February 28, 2024, asking for responses to the defendants' discovery requests by March 6, 2024.  *Id.*, Exh. 8.  Counsel expressed a desire to avoid having to seek the court's assistance in securing the discovery.  No response was received by March 6, 2024.

11.  On March 7, 2024, the defendants filed their motion for sanctions.  Dkt. No. 44.  At that point, the defendants' written discovery requests had been pending for more than a year, and no responses had been served.

12.  As of March 14, 2024, Catherine W. Lowry, Esq., an attorney with the Derek Smith Law Group, advised defendants' counsel that Mr. Carson was no longer employed by the firm and that she would be representing the plaintiff on behalf of the Derek Smith Law Group.  Dkt. No. 55, Exh. P-3 at 17–18.

13.  The plaintiff did not file a response to the sanctions motion on the due date of March 21, 2024.  Instead, the parties stipulated to three consecutive extensions of time to respond to the motion, the last of which was filed on April 5, 2024.  Dkt. No. 54.  The court granted that extension in part, but directed the plaintiff to respond to the sanctions motion by April 10, 2024.  *Id.*

14.  The plaintiff filed a response to the sanctions motion on that day.  Dkt. No. 55.  Meanwhile, Ms. Lowry entered an appearance on behalf of the plaintiff.  Since that time, the

4

plaintiff has produced a substantial volume of discovery materials to the defendants' counsel. Dkt. No. 55, Exhs. P-3–P-4.

## DISCUSSION

The facts make it clear that throughout the period before the defendants' motion for sanctions was filed, plaintiff's counsel failed to comply with the discovery obligations imposed by the Federal Rules of Civil Procedure. Based on a study of the record, I find as follows: (1) the failure to make timely discovery is sanctionable; (2) the sanction of dismissal would be unduly severe under the circumstances; (3) a sanction calibrated to correspond to the costs imposed by plaintiff's counsel's dereliction is appropriate; (4) that sanction should be designed to compensate the defendants for the additional costs imposed on them by the plaintiff's counsel's failure to make discovery; and (5) because it appears that the fault lies with plaintiff's counsel and not with the plaintiff, the sanction should run against counsel, not against the plaintiff.

**1. The Request for Dismissal as a Sanction**

The defendants principally move for dismissal of the action as a sanction for the discovery failings by plaintiff's prior counsel. It is true that dismissal is a permissible sanction for litigation misconduct, including serious discovery abuses. *See Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995) (citing cases) (dismissal is a permissible sanction for cases of "extreme abuses of discovery or other procedural rules"). However, the courts have recognized that dismissal is an "extreme sanction," *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), and a "drastic" measure, *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013), that should be invoked only sparingly and in circumstances in which other sanctions are not sufficient. *See also Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (dismissal "must be a sanction of last, not first resort"); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) ("[D]ismissal

5

with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits."); *C.T. Bedwell & Sons, Inc. v. Int'l Fid. & Guar. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) ("sanction of dismissal is disfavored").

The Third Circuit's governing standard for imposing dismissal as a sanction for litigation misconduct was set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). In *Poulis*, the Third Circuit identified six factors for a court to consider in determining whether to impose dismissal as a sanction for failure to comply with procedural rules governing the pretrial and trial process. *Id.* at 868–70. Those factors are:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and to responds to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, an inquiry that entails an analysis of alternative sanctions; and

(6) the merits of the party's claim or defense.

I have taken these factors into consideration and for the reasons set forth below, I have concluded that dismissal of Dr. Katz's action would be unduly harsh under all the circumstances. The overall picture painted by the events leading up to the sanctions motion is of an attorney who failed to comply with his discovery obligations and whose failure to do so was not addressed by his law firm until after the defendant's motion for sanctions was filed. The failure to comply with discovery obligations, moreover, was inexcusable. The facts summarized above show that Mr. Carson repeatedly promised that he would comply with his discovery obligations but repeatedly

6

failed to live up to those promises.  What is more, it appears that his client was in no respect to blame for Mr. Carson's failures, as the client, according to his uncontradicted account, repeatedly sought to contact Mr. Carson and was unable to get updates from Mr. Carson as to the status of the case.  Dkt. No. 55, Exh. P-5.  As a result, little or no progress was made toward resolution of the case despite repeated efforts by the defendants' counsel to obtain discovery materials and arrange for a deposition of the plaintiff.

To be sure, there is one possible mitigating factor bearing on the matter:  During the pendency of Dr. Katz's lawsuit, there was a parallel lawsuit brought by another employee at the same medical facility, and it appears that action was the principal focus of the attention of the attorneys for both the plaintiff and the defendants.  While the pendency of that other lawsuit does not excuse Mr. Carson's failure to comply with his obligations to his client and to opposing counsel, it is a factor that bears to some degree on the level of culpability of Mr. Carson and his law firm in this matter.

As to the *Poulis* factors, I reach these conclusions:

(1)  The plaintiff, Dr. Katz, is not in any respect at fault for the violations of the discovery requirements; as his unrebutted declaration attests, he repeatedly sought information about the status of the case and was kept in the dark.  When he was informed by current counsel, who took over the case after the motions for sanctions was filed, that there was a risk that this case would be dismissed, Dr. Katz asserted, quite plausibly, that he was taken entirely by surprise.  Dkt. No. 55, Exh. P5.

(2)  While there is some prejudice to the defendants from the failure to produce discovery in this case, counsel for the defendants has candidly admitted that his focus, like that of the plaintiff's counsel, was on the parallel litigation involving a different plaintiff.  While the failure

7

to make discovery doubtless resulted in inconvenience and some unnecessary expense to the defendants, the court believes that the main prejudice to the defendants was in the form of the expenses incurred by the defendants in preparing and filing the current request for sanctions. That prejudice, as discussed below, can be and will be separately addressed, as indicated below.

(3) There has been a history of dilatoriness on the part of plaintiff's counsel in this case. The one item of discovery that the plaintiff produced before the sanctions motion was filed (the initial disclosure) was produced nine months after it was due. Other discovery requests were not complied with at all prior to the filing of the sanctions motion. Thus, this is not just a case of dilatoriness; it is a case of repeated failure to produce required materials amounting to almost complete nonresponsiveness. *See Briscoe v. Klaus*, 538 F.3d 252, 260 (3d Cir. 2008) *quoting Adams Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories.").

(4) Current counsel for the plaintiff asserts that Mr. Carson's failure to comply with his discovery obligations was the result of "miscommunications coupled with inadvertence." Dkt. No. 55 at 7. That understates the matter by a good measure. The defendants cannot fairly be accused of "miscommunication" with Mr. Carson, and as for Mr. Carson, he promised on repeated occasions to make discovery promptly, but each time failed to do so. And it is difficult to attribute Mr. Carson's failings to "inadvertence." Mr. Carson's attention was repeatedly drawn to the need to comply with his discovery obligations, but he simply failed to do so. If that is "inadvertence," it is inadvertence solely because Mr. Carson chose not to advert to the issue. A better characterization than "inadvertence" is abdication of responsibility. While I am not in a position to determine Mr. Carson's state of mind, he was clearly aware of his discovery obligations and the

8

defendants' requests that he comply with them. On the other hand, I am not prepared to conclude that his conduct was in "bad faith," in the sense that it was contumacious or designed to gain a tactical advantage over his adversary. *See Poulis*, 747 F.2d at 869; *Adams*, 29 F.3d at 875. For whatever reasons, Mr. Carson just failed to do what he was obliged to do as a responsible lawyer for his client.

(5) As to the effectiveness of other sanctions, I am persuaded, as explained below, that a lesser sanction than dismissal would be sufficient under the circumstances. Specifically, a monetary sanction against Mr. Carson and the law firm that represented Dr. Katz should be sufficient to compensate the defendants for the costs associated with filing the motion for sanctions and to ensure that the poor performance by former counsel for Dr. Katz is not repeated. In that connection, I note that current counsel for Dr. Katz appears to have made considerable efforts to get this case back on track and to remedy Mr. Carson's discovery deficiencies. That is an important consideration bearing on my decision not to dismiss this action.

(6) It is impossible at this point for me to assess the strength or weakness of the plaintiff's case. All that I can say is that it appears that the case is not facially meritless. So far as the current record shows, the most that can be said is that there is nothing about the case to suggest that Dr. Katz's claim does not deserve to be addressed on the merits.

In sum, this is a clear case of discovery violations by a party's attorney in which the party was not at fault. While it is true that the failings of an attorney are often visited on his client, the first *Poulis* factor makes clear that the relative culpability of attorney and client is an important factor in determining whether to dismiss the party's action. In such situations, the Third Circuit has emphasized that dismissals should not ordinarily be entered in such cases, and that the appropriate measure is to impose sanctions against the lawyers rather than punishing the client.

*See Hildebrand*, 923 F.3d at 133; *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986) ("[W]e have increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault."). In this case, that factor cuts strongly against dismissal.

Another factor bearing against dismissal is that the prejudice to the defendants was not extreme. As noted, it appears that both sides were focused principally on the parallel litigation and not as much on this case. While that does not excuse Mr. Carson's neglect of this case, it is a factor that bears on the choice of sanctions.

As indicated above, I am not prepared to find that Mr. Carson acted in bad faith, such as by acting for tactical reasons to injure the opposing parties in the case. That is not to excuse his conduct, but just to say that it does not appear that Mr. Carson was motivated by improper purposes.

Finally, I am persuaded that a monetary sanction compensating the defendants for the costs of preparing and filing this motion (including the costs of reviewing the plaintiff's response to the motion) will serve the purpose of substantially curing the prejudice caused to the defendants by the misconduct at issue and ensuring that the misconduct will not be repeated. For these reasons, I will therefore not dismiss the action, but will adopt the alternative sanction requested by the defendants, as set forth below.

**2. The Request for a Monetary Sanction in the Amount of the Defendants' Reasonable Expenses for Filing the Sanctions Motion, Including Attorney's Fees**

Rule 37(d)(3) of the Federal Rules of Civil Procedure provides that in the event a party fails, without adequate excuse, to comply with various discovery obligations, including responding to the opposing party's interrogatories, the court may impose various sanctions, including those

listed in Rule 37(b)(2)(A)(i) through (vi).  Instead of, or in addition to those sanctions, Rule 37(d)(3) provides that "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust" (emphasis added).

Pursuant to that Rule, the court will impose a sanction in the amount of costs and fees associated with the defendants' filing their motion for sanctions in this case.  Not only is that sanction mandatory under Rule 37, but it is also a suitable penalty for the violation of discovery obligations by plaintiff's counsel.  Because it appears that the defendants were not pressing hard to get this case to trial, the principal burden imposed on the defendants in connection with the plaintiff's failure to make timely discovery was the cost of filing the sanctions motion, which was the action that ultimately seemed to get plaintiff's counsel's attention.  Compensation for those costs is therefore the appropriate sanction.

The plaintiff argues that a fee and costs sanction should not be imposed in this case, because the defendants did not move to compel discovery or to hold the plaintiff in contempt before filing their motion for sanctions.  No such motion was necessary.  Discovery obligations in the federal judicial system are self-enforcing.  They have effect even without a court order compelling compliance with them.  *See Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3d Cir. 1979) ("[A] direct order by the Court, as Rule 37(a) and (b) requires, is not a necessary predicate to imposing penalties under Rule 37(d)."); *Black Horse Lane Assoc., L.P. v. Dow Chem. Co.*, 228 F.3d 275, 302 (3d Cir. 2000) (Rule 37(d) "does not require that the court, prior to imposing sanctions, have issued an order compelling discovery."); *see also Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975).  If there is a good-faith dispute as to whether

11

a particular discovery request must be complied with, it may be appropriate to obtain a court order compelling the discovery before seeking sanctions. But in this case the plaintiff never contended that the defendants' discovery requests were appropriate. There was therefore no need for the defendants to go through the pointless (and time-consuming) exercise of obtaining a court order before seeking sanctions for failure to comply with the defendants' discovery requests, to which the plaintiff never interposed an objection.

The next question is who should bear the burden of the sanction. As noted, it appears that the plaintiff himself is not at fault; the fault lies with Mr. Carson and his former employer, the Derek Smith Law Group. Delaware counsel, Ronald G. Poliquin, does not appear to have been involved in any of the parties' exchanges regarding discovery and therefore played no role in the discovery violations at issue in this case. Nor does the plaintiff's current counsel, Ms. Lowry, bear any responsibility for the misconduct that went before she undertook to represent the plaintiff; her role to date appears to be limited to the unenviable task of attempting to clean up the mess left by Mr. Carson. The sanction will therefore be imposed only against Mr. Carson and the Derek Smith Law Group. Each of them will be jointly and severally liable for the payment of the costs and fees associated with the defendants' preparation and filing of their sanctions motion. Accordingly, defendants' counsel should prepare a statement itemizing the costs and fees associated with that motion and should submit that statement to Mr. Carson and the Derek Smith Law Group. If there is any dispute regarding the amount of the sanction, the parties may submit the matter to this court for resolution.

### 3. Scheduling

As a final matter, the defendants have asked that the plaintiff be required "immediately" to provide full and complete discovery responses to the pending discovery requests. From the

plaintiff's response to the sanctions motion, it appears that considerable progress has already been made in providing those responses, but that some further documentary materials are still remaining to be produced. The plaintiff requests that a deadline for the completion of documentary discovery be set for May 15, 2024. Currently, the close of discovery is scheduled for May 31, 2024, and dispositive motions are scheduled to be filed by July 30, 2024. The court will adopt the May 15, 2024, date for the completion of documentary discovery and will keep in place the remaining dates for the close of discovery and the filing of dispositive motions.

    IT IS SO ORDERED.

    SIGNED this 30th day of April, 2024.

                                             WILLIAM C. BRYSON
                                             UNITED STATES CIRCUIT JUDGE