**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DR. MICHAEL KATZ, M.D., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 22-625-WCB |
| | § | |
| BEEBE HEALTHCARE ET AL., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

On April 21, 2025, I directed the plaintiff, Dr. Michael Katz, M.D., to show cause stating why his interrogatory responses, which were not validly verified, should not be rejected as evidence in the summary judgment proceedings brought by the defendants. Dkt. No. 97. Dr. Katz has filed a response to the order, Dkt. No. 98, and the defendants have filed a reply, Dkt. No. 99.

The problem with Dr. Katz's interrogatory responses is that they were signed only by his counsel. Under well-settled law, the interrogatory responses were not admissible for purposes of deciding whether the defendants are entitled to summary judgment on the issue of whether Dr. Katz was terminated because of age discrimination. *See* Dkt. No. 95 at 24–25. In my order in response to the defendants' summary judgment motion, I ruled that the interrogatory responses were critical evidence bearing on the termination issue: if the interrogatory responses are deemed admissible, the motion for summary judgment on that issue would be denied; if the interrogatory responses are deemed inadmissible, the motion for summary judgment on that issue would be granted. *Id*. at 22–23. Based on Rule 56(e)(1) of the Federal Rules of Civil Procedure, I decided to allow Dr. Katz an opportunity to cure the defect in the interrogatory answers by executing a proper, verified response to the defendants' interrogatories. *Id*. at 26.

1

On April 16, 2025, Dr. Katz filed a copy of his responses to the defendants' first set of interrogatories, with a signed "verification." Dkt. No. 96. The verification, however, was not valid under the federal statute providing for affirmations under penalty of perjury, 28 U.S.C. §1746. Instead, the verification cited a Pennsylvania false statement statute (not the Pennsylvania perjury statute) and did not attest that the affirmation was made under penalty of perjury. *Id*. at 1.

On April 21, 2025, I issued the Order to Show Cause, in which I noted that "the option of denying Dr. Katz a third opportunity to file a valid verification will result in extinguishing his cause of action altogether." Dkt No. 97 at 4. Under those circumstances, I directed Dr. Katz to "explain his failure to file a compliant verification by filing a response to an order to show cause stating why Dr. Katz's interrogatory responses should not be rejected as evidence in opposition to the defendants' summary judgment motion." *Id.* at 5.

On the same day, Dr. Katz responded to the order to show cause, this time attaching a valid affirmation under penalty of perjury, in compliance with section 1746. Dkt. No. 98-2, Exh. B at 37. In the text of his response to the order to show cause, Dr. Katz appears to have misunderstood the basis for my order. Dr. Katz argued that I was threatening to dismiss his complaint under Rule 41 of the Federal Rules of Civil Procedure because of his failure to file a proper verification. That is not what I said. As I explained in the order on the defendants' summary judgment motion, without the evidence in the interrogatory responses summary judgment would have to be granted to the defendants on Dr. Katz's termination claim. That is the reason a failure to issue a proper verification would result in extinguishing his cause of action, not a dismissal under Rule 41. Therefore, the discussion in Dr. Katz's response of the law regarding the reluctance of courts to dismiss actions under Rule 41 based on ministerial errors of counsel is entirely beside the point.

By way of explanation for his failure to file a valid verification after having been given a second opportunity to do so, Dr. Katz's counsel does not contest that the "verification" filed on April 16, 2025, was invalid. Instead, she acknowledges that the verification was "an oversight" committed "in an attempt to be diligent in addressing the issue the Court raised and not willful, in bad faith, or with malicious intent." Dkt. No. 98-1, Exh. A at 1.

In the order to show cause, I cited a case from the United States District Court for the Southern District of New York in which that court refused to give a plaintiff a third opportunity to cure an invalid verification of an interrogatory answer, and as a consequence entered summary judgment for the defendants. Dr. Katz's effort to distinguish that case is not convincing. However, as noted in my summary judgment order, Rule 56(e)(1) of the Federal Rules of Civil Procedure makes clear that courts should be liberal in granting parties an opportunity to properly support an assertion of fact bearing on the decision whether to grant summary judgment.

A court's decision whether to permit supplementation of the summary judgment record, which is in essence what is involved here, is committed to the discretion of the district court. *See Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015); *Scott v. Gomez*, 792 F. App'x 749, 752 (11th Cir. 2019); *DG & G, Inc. v. FlexSol Packaging Corp.*, 576 F.3d 820, 826 (8th Cir. 2009); *Epps v. Daun*, No. 22-cv-514, 2025 WL 915741, at *2 (S.D. Ill. Mar. 26, 2025); *Estate of Noble v. Bollin*, No. 4:23-cv-716, 2025 WL 890458, at *7 (E.D. Tex. Mar. 21, 2025); *TB Holding Co v. J & S Siding*, No. 4:22-cv-307, 2024 WL 3678216, at *1 (D. Idaho Aug. 4, 2024) ("[W]hen a party fails to competently respond to a motion for summary judgment, the Court has discretion as to how to address this failure, including to 'give [the party] an opportunity to properly support or address  the facts.'") (quoting F. R. Civ. P. 56(e)(1)).

Courts have generally favored giving a party at least one opportunity to cure a technical inadequacy, such as an absence of verification, in the party's opposition to a motion for summary judgment. *See, e.g.*, *Johnson v. Heather*, No. 2:22-cv-268, 2023 WL 5509336, at *3–4 (S.D. Ind. Aug. 25, 2023); *Gill v. Clarke*, No. 3:17-cv-792, 2018 WL 11509770, at *2 (E.D. Va. July 30, 2018); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, No. 4:09-CV-2556, 2016 WL 4679025, at *3 (S.D. Tex. Sept. 7, 2016). In fact, the Second Circuit has held that it was an abuse of discretion for a court to grant the defendant's motion for summary judgment without first allowing the nonmovant the opportunity to submit an affidavit to cure a deficient, unsworn document. *See Capobianco v. City of New York*, 422 F.3d 47, 55 (2d Cir. 2005). To be sure, that case involved a single failure to properly verify the evidence in question, not two successive failures, as in this case. But the case demonstrates the general practice of courts to be lenient in cases of failure to comply with the verification requirements in responses to summary judgment motions.[1] *See Shwiyat v. Martin Marietta Materials, Inc.*, No. 3:23-cv-283, 2023 WL 8811809, at *3 (N.D. Cal. Dec. 20, 2023); *Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist.*, No. 2:10-CV-290, 2017 WL 2721437, at *3 (D. Ariz. Mar. 14, 2017); *Jackson v. Metro. Council HRA Mgmt. Ass'n*, No. 10-2370, 2012 WL 4470438, at *5 (D. Minn.

---

[1] The defendants cite three cases from other districts in support of their contention that courts "consistently disregard unverified interrogatory responses without giving the proponent a chance to cure the defect." Dkt. No. 99 at 3–4. In each of those cases, the evidence in question was objected to as inadmissible for purposes of the summary judgment proceedings, and the courts agreed. In so ruling, the courts did not address the question whether the plaintiffs should be given an opportunity to cure the error pursuant to Fed. R. Civ. P. 56(e)(1), but there is no indication that they were asked to do so and refused. In this case, the defendants did not object based on the absence of verification to Dr. Katz's use of the interrogatory responses in his opposition to summary judgment; the court noted that problem, and since the issue had not previously been raised, the court considered it only fair to offer Dr. Katz an opportunity to cure the problem, as Rule 56(e) suggests.

Sept. 27, 2012); *George v. Nw. Mut. Life Ins. Co.,* No. C10-668, 2011 WL 3881476, at *4 (W.D. Wash. Sept. 1, 2011).

As those and other cases indicate, in deciding whether to permit parties to supplement their presentations on summary judgment under Rule 56(e)(1), district courts have focused on several factors: (1) whether the opposing party would be prejudiced by permitting the supplementation; (2) whether the party seeking to supplement its presentation has acted in bad faith; (3) whether there was a reasonable explanation for the failure to make a sufficient presentation in the first instance; and (4) whether the supplementation would result in unduly delaying the proceedings. *See Belton v. Fields*, No 1:23CV169, 2025 WL 1098967, at *9 (M.D.N.C. Apr. 14, 2025); *Shwiyat,* 2023 WL 8811809, at *3; *Hincapie v. City of New York*, No. 18-CV-3432, 2022 WL 2870411, at *2 n.4 (W.D.N.Y. July 21, 2022); *Peronis v. United States*, No. 2:16-cv-1389, 2018 WL 4740170, at *7 (W.D. Pa. Oct. 2, 2018); *Olibas v Barclay*, No. 3:11-CV-2388, 2013 WL 12143945, at *1–2 (N.D. Tex. May 10, 2013).

Those factors point to allowing the belated verification in this case. First, the failure to verify the key portions of Dr. Katz's interrogatory responses has not resulted in any material prejudice to the defendants. The critical portion of Dr. Katz's interrogatory responses was already before the court during the summary judgment proceedings; it was simply not properly verified. Therefore, the defendants were not deprived of an opportunity to respond to that evidence in their reply brief on summary judgment. In fact, the defendants did not even raise the issue of the failure to verify the interrogatory responses; that issue was raised *sua sponte* by the court. Thus, the defendants cannot point to any prejudice from the initial failure of verification. Moreover, Dr. Katz has gained no tactical advantage from his failure to verify his interrogatory responses.

Second, there is no indication that the failure to verify in this case was the product of bad faith. In her affidavit submitted with Dr. Katz's response to the order to show cause, counsel for Dr. Katz provided a plausible explanation for the failure to file a valid verification in response to the court's summary judgment order and asserted that her failure to file a compliant verification was not done in bad faith. *See* Dkt. No. 98-1, Exh. A at 1. Given that Dr. Katz obtained no advantage from the failure to file a valid verification in response to the court's summary judgment order, the court accepts her explanation for the error and finds that the failure was not in bad faith.

Third, as noted, the explanation given by counsel for the error—that it was an oversight resulting from counsel's effort to respond promptly to the court's order—was plausible. Counsel admits that the error was the product of an oversight, and I accept that explanation. Courts have held that even when a party's explanation for not complying with the requirement to support factual assertions with admissible evidence is uncompelling, it is not an abuse of discretion for the court to allow the party to correct the error. *See Belton*, 2025 WL 1098967, at *10; *Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1047 (S.D. Iowa 2013).

Fourth, the two verification failures in this case have not delayed the proceedings in any material way. The initial error was pointed out in the summary judgment order entered on April 11, 2025. Plaintiff's counsel promptly (although, as it turns out, erroneously) responded on April 16, 2025, to the court's direction that the error be corrected. When the court issued an order pointing out the second error on April 21, 2025, plaintiff's counsel promptly (and this time, correctly) cured the error on that same day. The total amount of delay attributable to this issue was thus only ten days and there was no resulting delay in any pending proceedings in the case.

By analogy to the well-established principle that summary judgment should not lightly be granted by default, *see Anchorage Assocs. v. Virgin Islands Bd. of Tex Review*, 922 F.2d 168, 176

(3d Cir. 1990); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016); *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)*,* courts have expressed reluctance to grant summary judgment based on a past failure to render evidence admissible that is curable and (as in this case) has been cured. *See* 11 James Wm. Moore, Moore's Federal Practice § 56.99[2][a], at 56-256 (3d ed. 2025); *Belton*, 2025 WL 1098967, at *9 ("And, for understandable reasons, as the alternative of giving the party who initially failed to properly support its own assertions of fact an opportunity support those assertions of fact minimizes the chance of an unjust result based on an inadequate record.") (cleaned up); *Huffman v. Davey Tree Expert Co.*, No CV 418-184, 2024 WL 200930, at *3 (S.D. Ga. Jan. 18, 2024) ("This broad discretion and stated preference for summary judgment determinations based on the merits rather than technicalities is consistent with the Court's overriding goal of securing the just determination of every action and proceeding."); *Kam-O'Donoghue v. Tully*, No. 16-11054, 2018 WL 2739930, at *1 (D. Mass. Mar. 16, 2018); *Parks v. Blanchette*, 3:09-cv-604, 2015 WL 1970526, at *1 (D. Conn. May 1, 2015).

In this case, the question of the admissibility of the interrogatory responses is of critical importance, because without that evidence, summary judgment would have to be granted to the defendants. A preference for deciding cases on the merits rather than disposing of them based on a technicality therefore favors allowing the proffered verification of Dr. Katz's interrogatory responses.

In my order to show cause, I cited the district court's decision in *Smith v. Calypso Charter Cruises Inc.,* No. 19 Civ. 7076, 2021 WL 4084182 (S.D.N.Y. Sept. 8, 2021), in which the district court did not permit the plaintiff to cure a flawed verification of his interrogatory responses after

two failed tries to do so.  The court's ruling ultimately led to the grant of the defendants' motion for summary judgment.  *Id.* at *6–7, 12.

This case is virtually indistinguishable from that one.  The only difference that may have affected the court's decision to reject the plaintiff's third try at verification could be that in addition to failing to file a valid verification, the plaintiff failed to comply with several other filing requirements during the pretrial process, which indicated a lack of diligence on the plaintiff's part and led to significant delay in the progress of the case, although the court did not indicate that it was relying on those other factors as a basis for its ruling.  *See id.* at *6 & n.4.  In any event, having given careful consideration to the court's decision in *Smith*, I elect not to follow the course charted by the district court in that case for the reasons given above.

I will therefore treat the interrogatory answers as admissible for purposes of the summary judgment proceedings now that the responses have been properly verified.

The consequence of this decision is that, by virtue of Dr. Katz's verified interrogatory responses, the record now includes an account of a conversation between Dr. Katz and his supervisor, Dr. Gulab, in which Dr. Gulab allegedly told Dr. Katz that the Beebe defendants had decided to terminate Dr. Katz in order to hire "new graduates," which a reasonable jury can readily understand to mean younger physicians.[2]  In light of that evidence, the record now presents a genuine issue of material fact regarding whether Dr. Katz's termination was based on age discrimination.  For that reason, the defendants' motion for summary judgment on the issue whether Dr. Katz was terminated because of age discrimination is denied.

---

[2]  Our holding that "there is no evidence that Dr. Katz was 'replaced' by a younger person," Dkt. No. 95 at 21–22, does not preclude a reasonable jury from crediting Dr. Katz's account of the conversation with Dr. Gulab and finding that Dr. Katz would not have been fired but for his age.

IT IS SO ORDERED.

SIGNED this 24th day of April, 2025.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE